IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:19-CV-03327-MDH |
| ) | |
| UNIQUE CABINES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Petition to Determine Present Mental Condition of an Imprisoned Person (Doc. 1) was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The United States Magistrate Judge has completed his preliminary review of the Petition for Determination of Defendant's mental condition and has submitted a Report and Recommendation. (Doc. 11). The Magistrate Judge found clear and convincing evidence that Defendant suffers from a mental disease or defect and that, if released, he would create a substantial risk of bodily injury to another person or serious damage to property of another. Accordingly, the Magistrate Judge recommended the Defendant be committed pursuant to 18 U.S.C. § 4246.

Defendant has filed exceptions to the report and recommendation of the Magistrate Judge in which he submits that there is insufficient evidence to establish that Defendant is suffering from a mental disease or defect, the treatment for which he is need of custody in a suitable facility. (Doc. 13). Defendant also reasserts various legal objections he claimed to have made at the hearing held on November 19, 2019, including that he (1) was denied the appointment of a new attorney; (2)

1

lacked access to records and documents necessary to his defense; (3) lacked sufficient time to prepare a defense strategy; (4) refused to be sworn and provide testimony; (5) objections based on the First Fifth, Eighth, and Twelfth Amendments to the Constitution. (Doc. 13 at 2-3).

After careful review of the entire record before the Court, the Court adopts the findings and recommendation of the Magistrate Judge at this time. The Risk Assessment Panel concluded that Defendant suffers from a mental defect, specifically, schizoaffective disorder, bipolar type (Doc. 1-3 at 22). Independent psychological examiner Dr. Shawna Baron, Psy.D., also concluded that Defendant suffers from an intellectual disability of moderate severity that impacted his intellect and behavioral controls, has limited insight into his own condition, and lacks the social skills to pursue appropriate relationships with adults. (Doc. 7 at 8). Every evaluating expert, including the three members of the Risk Assessment Panel and Dr. Baron, concluded that Defendant suffers from a mental disease as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another and thus meets the criteria for civil commitment under 18 U.S.C. § 4246. (Doc. 1-3 at 22-23, Doc. 7 at 8).

Defendant, in his exceptions to the Magistrate Judge's Report and Recommendation, points to certain legal objections allegedly raised at the hearing held by the Magistrate Judge on November 19, 2019. (Doc. 10). Most notably, Defendant orally moved for the appointment of new counsel, on the basis that his current counsel did not adequately prepare for the hearing. The Magistrate Judge denied that request, stating "I do not believe that you have shown a substantial basis to warrant appointment of new counsel." (Doc. 10 at 5). After consideration of the entire record, the Court agrees with the Magistrate Judge that Defendant did not show sufficient basis to appoint a new counsel. From the record, it appeared that counsel, who provides competent

representation to virtually every § 4246 defendant in this judicial district, provided his client a reasonable and typical amount of attention and pre-hearing preparation.

After being denied new counsel, Defendant refused to testify. He claimed he would not testify because he had not been provided adequate time or resources to present a defense. He stated his belief that the § 4246 commitment procedure violated the First, Fifth, Eighth, and Twelfth Amendments, although he did not elaborate as to why. The Magistrate Judge did not address these constitutional objections in his Report and Recommendation, nor did he address Defendant's argument that he did not have adequate time to prepare for the hearing. On its own review, the Court finds his amorphous constitutional objections without support and meritless. Defendant was afforded the same due process and opportunity for preparation as countless other defendants subjected to § 4246 commitment proceedings, a process that has been repeatedly challenged in and upheld by this court and other courts. *See, e.g.*, *Carmichael v Sanders*, 2017 WL 1407657 at *4 (W.D. Mo. April 19, 2017); *United States v. Evanoff*, 10 F.3d 559, 563 (8th Cir. 1993); *United States v. Steil*, 916 F.2d 485 (8th Cir. 1990); *Jones v. United States*, 463 U.S. 354, 262 (1983).

The Court agrees with the reasoning of the Magistrate Judge and accordingly finds by clear and convincing evidence that commitment under the provisions of 18 U.S.C. § 4246 is appropriate.

It is **THEREFORE ORDERED** that Defendant's exceptions filed herein (Doc. 13) are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 11) is **ADOPTED.**

It is **FURTHER ORDERED** that Defendant be, and is hereby, committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4246 for hospitalization and treatment

in a suitable facility until he is no longer in need of such custody for care or treatment in such a facility.

**IT IS SO ORDERED.**

DATED: December 17, 2019

                                                                               /s/ Douglas Harpool
                                                                        **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**